```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
EVERETTE WEAVER,

                    Plaintiff,
                                              M E M O R A N D U M
         - against -                                A N D
                                                  O R D E R
JOHN SEYMOUR JAMES, DARRYL PARKER,
SHELLY GIBBS a/k/a SHELLEY PARKER,            10 Civ. 6609 (NRB)
MICHAEL GIBBS, SOPHIA MALONEY, and
JOHN DOE,

                    Defendants.
------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

In filing this civil action, *pro se* plaintiff Everette Weaver invokes the Racketeer Influenced and Corrupt Organizations Act ("RICO"), specifically 18 U.S.C. § 1964(c), and alleges that defendants Darryl Parker, Shelly Gibbs, Michael Gibbs, Sophia Maloney, John Doe and their attorney John James have engaged in a conspiracy to deprive him of rent for property plaintiff purchased in foreclosure. In addition, plaintiff asserts state law causes of action for professional negligence, fraud, deceptive practices, unjust enrichment, malicious abuse of process, assault and battery, and theft. None of the defendants have appeared before the Court in this action, and plaintiff seeks a default judgment.

For the reasons discussed below, plaintiff's invocation of RICO is "so patently without merit" as to deprive this Court of subject matter jurisdiction. Further, having determined that the

-1-

only basis for federal jurisdiction is flawed, this Court declines to exercise supplemental jurisdiction over plaintiff's remaining claims. Thus, the motion for default judgment is denied and the complaint is dismissed in its entirety.

## BACKGROUND

This dispute concerns real property located at 489 Classon Avenue in Brooklyn, where defendants Daryl Parker, Shelly Gibbs, and Michael Gibbs ("tenant defendants") reside. (Compl. ¶ 8-10.) On September 21, 2008, plaintiff went to the property and encountered Michael Gibbs and his mother, Shelly Gibbs, who telephoned her attorney, defendant John James. (Compl. ¶ 16.) According to the complaint, James then "authorized" defendants Parker, Michael Gibbs, Sophia Maloney and Doe to assault the plaintiff, who was beaten "almost unconsciously including knocking out two of plaintiff's front teeth." (Compl. ¶ 16-17.) Plaintiff was arrested following this altercation and an order of protection was issued to prevent him from going near defendant Sophia Maloney. (Compl. ¶¶ 18; 47.)

In January 2009, James represented the tenant defendants in eviction proceedings. (Compl. ¶ 19.) James procured a stay of eviction by filing an order to show cause in the New York Supreme Court, Kings County, stating that a *lis pendens* existed against the property. (Compl. ¶ 24-26.) According to the complaint, the *lis pendens* was fabricated by James. (Compl. ¶¶ 50; 56-57.)

At some time thereafter, plaintiff purchased the subject property in foreclosure. (*Compare* Compl. ¶ 14 ("Plaintiff purchased a property in foreclosure located at 489 Classon Avenue in Brooklyn (Kings County) New York on August 28, 2010") *with* Compl. ¶ 50 ("plaintiff purchased the subject property in foreclosure on August 28, 2009").) According to the complaint, the pre-existing stay of eviction has deprived plaintiff of any rent he might have otherwise collected from tenants at the property. (Compl. ¶ 50-54.) Plaintiff's state court proceedings against the tenant defendants, in which plaintiff has repeatedly sought recusal of the judges to whom his case was assigned, appear to be ongoing. (Compl. ¶¶ 21-41.)

In a letter dated April 12, 2011, this Court informed plaintiff that the deadline to effectuate service of named defendants Maloney and Doe, which the Court had previously extended at plaintiff's request, had expired. The Court also noted that service of defendant James appeared to be improper, as the affidavit of service indicated an address other than the one listed for James in the complaint. Plaintiff responded with a letter dated April 29, 2011, in which he stated that he had not served Maloney or Doe, but that service was proper with respect to James, who had merely changed offices during the time period between the filing of the complaint and service of process. Because service of Maloney

and Doe was never effectuated, they have not been made parties to this case.

## DISCUSSION

### I. Subject Matter Jurisdiction

It is apparent from the complaint that the plaintiff and the defendants are New York citizens. (Compl. ¶¶ 6-11.) Due to this lack of diversity of citizenship, this Court lacks original jurisdiction over plaintiff's New York statutory and common-law tort claims. *See* 28 U.S.C. § 1332(a).

Diversity of citizenship is not a prerequisite, however, to this Court's subject-matter jurisdiction over civil RICO claims. *See* 18 U.S.C. § 1964(c) ("Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court"). Because plaintiff attempts to plead a civil RICO claim, we must confront the question of subject matter jurisdiction at the threshold of the case. Although the question of whether subject matter jurisdiction exists must not be confused with the question of whether the complaint states a cause of action, the Second Circuit has stated in the civil RICO context that some claims are "so patently without merit as to justify the court's dismissal for want of jurisdiction." *Town of West Hartford v. Operation Rescue*, 915 F.2d 92, 100 (2d Cir. 1990). Therefore, we evaluate not whether plaintiff's civil RICO claim is one on which he may prevail, but

whether it has met the "minimal, yet unyielding, jurisdictional standard." *Id.*

Construing the complaint liberally, as we must, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), plaintiff appears to allege that the tenant defendants and their attorney constitute an enterprise which has engaged in a pattern of racketeering activity, including assault and the filing of a "bogus" *lis pendens* (Compl. ¶¶ 45; 51); that each of them has participated in the conduct of this enterprise, in violation of 18 U.S.C. § 1962(c); and that each of them has conspired with the others to participate, in violation of 18 U.S.C. § 1962(d).

Despite these conclusory allegations, as we explain below, plaintiff fails to identify: (1) a RICO enterprise in which defendants have participated; (2) specific acts by the defendants constituting a pattern of racketeering activity; and (3) injury to plaintiff's business or property by reason of any violation of § 1962. Thus we conclude that plaintiff's attempts to characterize his claim as a civil RICO claim are "so patently without merit" as to warrant *sua sponte* dismissal for lack of subject matter jurisdiction. *See Town of West Hartford v. Operation Rescue*, 915 F.2d at 100. Rather, it is clear that the gravamen of plaintiff's complaint concerns the authenticity of a document filed in state court, and it is that court, if any, which has jurisdiction over his claims.

**I. Enterprise**

The definition of 'enterprise' in the civil RICO statute "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4)). The Supreme Court has stated that a RICO enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct," which must be proven "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *United States v. Turkette*, 452 U.S. 576, 583 (1981). There is no requirement that a RICO enterprise possess any additional structural features beyond what is necessary to engage in a pattern of racketeering activity. *Boyle v. United States*, 129 S. Ct. 2237, 2245 (2009). However, there is a requirement that the RICO defendant and RICO enterprise must be distinct. *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 162-63 (2001).

For example, the Second Circuit has determined that the actions of employees or agents in carrying out a corporate employer's regular business are not sufficiently distinct from the actions of the employer to permit the "association in fact" of employer and employee to be treated as a RICO enterprise. *See Riverwoods Chappaqua Corp. v. Marine Midlands Bank, N.A.*, 30 F.3d 339, 344 (2d Cir. 1994). This rule applies *a fortiori* to the court

filings of an attorney on his clients' behalf. To an even greater extent than the actions of a corporation's employee or agent, the litigation activities of an attorney representing clients in an eviction proceeding are not sufficiently distinct from the actions of the attorney-client "association in fact" to meet the distinctness requirement of RICO. Rather, the basic nature of the attorney-client relationship is such that the attorney *represents* the client. It would make little sense to assert that the attorney conducts the affairs of a distinct attorney-client enterprise. We are aware of no Second Circuit authority holding that tenants who obtain representation by an attorney in eviction proceedings, without more, have thereby created an association-in-fact enterprise under RICO. Any decision to the contrary would (as plaintiff has endeavored here) transform RICO into a mechanism whereby any losing litigant could sue to challenge otherwise privileged and constitutionally protected conduct of the opposing party and opposing counsel. *See Denius v. Dunlap*, 209 F.3d 944, 953-54 (7th Cir. 2000) ("The right to hire and consult an attorney is protected by the First Amendment's guarantee of freedom of speech, association, and petition."); *see also United Mine Workers of Am. v. Illinois State Bar Ass'n*, 389 U.S. 217, 221 (1967). Plaintiff's purported theory simply cannot be sustained.

**II. Pattern of Racketeering Activity**

'Racketeering activity' is exhaustively defined in 18 U.S.C. § 1961(1). Neither assault nor fabrication of a *lis pendens* are to be found within § 1961(1)'s exhaustive definition of racketeering activity. Instead, plaintiff appears to allege that the predicate offense for his RICO claim is defendant James's transmission during the state court proceedings of the allegedly fabricated *lis pendens* by mail or wire, in violation of 18 U.S.C. § 1341 or § 1343. (Compl. ¶ 80.)

The RICO statute clearly requires "a pattern of racketeering activity," meaning at least two acts of racketeering activity. 18 U.S.C. § 1961(5). In addition, the Second Circuit requires that "allegations of predicate mail and wire fraud acts should state the contents of the communications, who was involved, where and when they took place, and explain why they were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1176 (2d Cir. 1993). Plaintiff's complaint does not even suggest the existence of at least two predicate mail or wire fraud acts, nor is there any attempt to state the contents of the communications, who was involved, where and when they took place, or an explanation of why they were fraudulent. Moreover, it is plain that the substance of plaintiff's claim is not a RICO violation over which we have subject matter jurisdiction, but an abuse of process or simple fraud claim over which we do not.

"Attempts to characterize abuse of process or malicious prosecution claims as mail and wire fraud violations for RICO purposes have been scrutinized by the courts, and have been rejected where the only allegedly fraudulent conduct relates to the filing of documents in litigation." *Daddona v. Gaudio*, 156 F. Supp. 2d 153, 162 (D. Conn. 2000) (citing *Nakahara v. Bal*, No. 97 Civ. 2027 (DLC), 1998 WL 35123 (S.D.N.Y. Jan. 30, 1998); *Auburn Medical Center, Inc. v. Andrus*, 9 F.Supp.2d 1291, 1299 (M.D. Ala. 1998)). Because the only RICO predicate act alleged by plaintiff appears to be a single instance of transmission by mail or wire of a document in a state court proceeding, the authenticity or validity of which is an issue to be resolved in connection with that proceeding, it is clear that there is no pattern of racketeering activity from which a RICO claim could arise.

**III. Injury to Business or Property**

Because plaintiff's allegations do not involve conduct which could constitute a violation of 18 U.S.C. § 1962, it follows that plaintiff cannot establish any injury by reason of a violation of that statute. Furthermore, the 2008 assault and the 2009 *lis pendens* of which plaintiff complains appear to pre-date his acquisition of the property which is the subject of his claimed injury, whether that occurred in August 2009 or August 2010. This fact, while perhaps not dispositive of plaintiff's standing to bring suit in a court which had jurisdiction, is yet another

indication that plaintiff's property dispute is not in fact the basis of a civil RICO claim.

## CONCLUSION

We conclude that, because plaintiff's civil RICO claim is "so patently without merit" and the filing of the complaint appears to be an attempt to circumvent or evade the state court's resolution of the *lis pendens* issue, this Court lacks subject matter jurisdiction. Federal Rule of Civil Procedure 12(h)(3) provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Thus, the civil RICO claim will be dismissed *sua sponte* for lack of subject matter jurisdiction. In addition, because plaintiff's civil RICO claim is dismissed, we decline to exercise supplemental jurisdiction over the plaintiff's claims for professional negligence, fraud, deceptive practices, unjust enrichment, malicious abuse of process, assault and battery, and theft.

For the foregoing reasons, plaintiff's motion for default judgment is denied, and the complaint is dismissed in its entirety for lack of subject matter jurisdiction.

**SO ORDERED.**

Dated:    New York, New York
          September 27, 2011

                                        _____
                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

<u>Pro Se Plaintiff</u>
Everett Weaver
827 Route 82
Hopewell Junction, NY 12533

<u>Defendants</u>
John Seymour James
150 Broadway, Suite 1212
New York, NY 10038

Darryl Parker,
Shelly Gibbs aka Shelley Parker,
Michael Gibbs
489 Classon Avenue, 3rd Floor
Brooklyn, NY 11238